DOMENGEAUX, Judge.
The plaintiff-appellant, Cathryn Gibbs, filed suit against defendant-appellee, the State of Louisiana, Through the Department of Public Safety, for injuries she sustained when she exited a moving police vehicle after she had been arrested for Driving While Intoxicated. Plaintiff argued that the arresting State Trooper had been negligent in transporting her and, as such, was liable for her injuries. The Trial Court, after reviewing all of the evidence, found that the officer had not been negligent in any way concerning the treatment, arrest, and transportation of the plaintiff. The plaintiffs demands were dismissed at her costs, and this appeal has followed.
The plaintiff argues that the Trial Court erred in (1) not applying the proper standard of care due intoxicated persons in the custody of law enforcement officials, and (2) in failing to find the State negligent, considering the State Trooper’s conduct.
FACTS
Around 4 p.m. on July 24, 1985, Ms. Gibbs started drinking beer at her home in Pineville, Louisiana. While at home, she drank four beers and then drove herself to Pop’s Lounge, a bar in Alexandria. The plaintiff drank beer at Pop’s Lounge from 6 p.m. until midnight. By her own testimony, she was quite drunk. She then left Pop’s in her own vehicle intending to go to the bar at the Sheraton Hotel. State Trooper Phillip Waites observed her car weaving back and forth across the center line and into the shoulder of the road. Ms. Gibbs pulled off the road into the Sheraton Hotel parking lot, and Officer Waites followed behind her. At this point, Ms. Gibbs’ memory became faint.
Officer Waites testified that he arrested Ms. Gibbs for driving while intoxicated and she became quite upset, exhibiting rude and hostile behavior. Officer Waites handcuffed Ms. Gibbs by placing her arms behind her back and then, tightened the handcuffs enough to restrain, but not enough to injure or squeeze her wrists. She was then placed in the back seat of the officer’s vehicle on the passenger side, and the seat belt was fitted snuggly around her and the doors were locked. Officer Waites then proceeded to drive the plaintiff to the station house for booking. Approximately 200 to 300 feet from the scene of arrest, the officer heard a click similar to a seatbelt unbuckling and then heard the plaintiff say, “I’m getting out of here!” At that point, Officer Waites looked over his shoulder into the back seat and saw Ms. Gibbs, with her right hand free, open the door and exit the vehicle while it was still moving. After exiting the vehicle, the plaintiff fell onto the roadside gravel and sustained a laceration to her knee and a small hemato-ma above her right eye. Officer Waites observed that the left handcuff was attached to Ms. Gibbs’ left hand while her right hand was free. The plaintiff was taken to Huey P. Long Hospital but refused all medical treatment. After only allowing the hospital physicians to cover the wound on her knee, the plaintiff was transported to the Rapides Parish jail.
At the trial, Officer Allen E. McBride of the Alexandria City Police testified that he had arrested the plaintiff one month earlier on June 13, 1985, in Alexandria for driving while intoxicated. Officer McBride testified that during this arrest the plaintiff twice successfully removed the handcuffs he had placed on her.
THE STANDARD OF CARE
The plaintiff first argues that the Trial Court did not apply the standard of care as enunciated in Barlow v. City of New Orleans, 257 La. 91, 241 So.2d 501 (1970) to the case sub judice. In Barlow, an intoxicated person seated in a bar was arrested for public drunkeness. The police officers placed the man in the back seat of a police vehicle, then locked the doors to prevent his escape. Neither the windows nor the doors could be opened from the inside. The officers left the vehicle and returned to the bar to search for other vagrants. A fire of unknown origin suddenly started in *819 the police vehicle and injured the plaintiff. The Court stated that:
While it is true, as a general rule, that voluntary intoxication does not relieve one from negligent conduct or serve to relax the requirement which is imposed upon a person to exercise due care for his own safety, (see 38 Am.Jur.NegIi-gence, Sec. 203, page 883, and 65A C.J.S. Negligence Sec. 143, page 174), this rule is subject to the exception that, where the person is in such a helpless state of intoxication that he is unable to take care of himself and is, as in this case, confined under arrest, recovery for the injuries he has received emanating from a danger to which he is exposed, which is attributable partially to his unconscious act, but against which the defendant should have protected him, is not barred by contributory negligence. Barlow, 241 So.2d at 505.
The Court also stated “The duty of care owed one under arrest and in custody [is] to keep him safe and protect him within reasonable limits from injury not attributable to his own willful acts.” 241 So.2d at 504. The Court in Barlow held that, in the absence of an emergency, the officers were negligent in leaving the vehicle unattended.
Cases subsequent to Barlow, supra, also have held that a police officer owes a duty to save his prisoner from harm. However, this standard has been further defined to mean that an officer must do only what is reasonable under the circumstances and that he is not an insurer of the safety of the prisoner merely because the prisoner is intoxicated. Griffis v. Travelers Insurance Co., 273 So.2d 523 (La.1973); Garrison v. City of Berwick, 417 So.2d 48 (La.App. 1st Cir.1982).
Thus, we must determine whether or not Officer Waites breached a duty to the plaintiff by acting unreasonably under the circumstances. In Barlow, according to our Supreme Court, the police breached their duty to the intoxicated plaintiff when they locked him into a police car and left it unattended. In this case, Officer Waites used standard procedures to place the handcuffs on Ms. Gibbs and subsequently secured her in the police vehicle with a safety belt. The doors were locked.
Ms. Gibbs’ willful act of stepping or jumping from the moving vehicle is not an act for which Officer Waites may be held accountable. First, the duty to protect an intoxicated person from his or her own acts does not encompass willful acts. Secondly, the Officer took all available precautions and properly followed all procedures in securing Ms. Gibbs in the vehicle. It was shown that the plaintiff, on a prior occasion, had easily discarded handcuffs that were locked around her wrists. Officer Waites was not the officer involved in this prior incident, therefore, he could not have forseen such conduct. As found by the Trial Court, after escaping the handcuffs, she easily unlocked the seatbelt and exited the moving vehicle.
Considering the precautions taken by Officer Waites in securing Ms. Gibbs in his vehicle, Officer Waites acted in a reasonable manner to protect Ms. Gibbs from the dangers to which she was exposed and the standard of care required by Barlow, supra, was satisfied. Hence, the Trial Court correctly applied the standard of care of Barlow to the case sub judice.
The appellant erroneously seeks to have police officers, in effect, held strictly liable for any injury that might befall a person taken into custody, despite the person’s own deliberate actions. There is no legal authority or basis for this assertion.
The above discussion also sufficiently addresses the second assignment of error, whether or not Officer Waites acted negligently. As aptly stated by the Trial Court, in its oral reasons for judgment:
There’s no evidence of negligence on the part of the arresting officer or evidence that any of the equipment used by the officer, the handcuffs or the vehicle or the seatbelt were improperly [used, or] that the use was negligence [sic].
The factual findings of the Trial Court will not be disturbed on appeal absent a finding by the Appellate Court that the findings are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The Trial Court’s finding of no neg *820 ligence on the part of the State of Louisiana is not manifestly erroneous, and in fact is manifestly correct.
For the reasons assigned, the judgment of the Trial Court is affirmed.
Costs on appeal are to be borne by the plaintiff.
AFFIRMED.